Joseph D. Frank (JF 6085)
Jeremy C. Kleinman (JK 0080)
**FRANK/GECKER LLP**
325 North LaSalle Street, Suite 625
Chicago, Illinois  60610
Phone: (312) 276-1400
Fax:    (312) 276-0035
Admitted *pro hac vice*
Counsel for José Angel Valdez

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **DANA CORPORATION, *et al.*,** | : | Case No. 06-10354 (BRL) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Honorable Burton R. Lifland |

### STATEMENT OF ISSUES ON APPEAL

José Angel Valdez ("Valdez"), by his attorneys, hereby files his statement of issues to be presented on appeal, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure:

1.  Whether the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") erred when it confirmed the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession (the "Plan")[1] filed by the above-captioned debtor and debtors in possession (collectively, the "Debtors") and held that (a) the Plan properly classified all Claims and Interests in accordance with 11 U.S.C. § 1123(a)(1), (b) the Debtors have provided proof of a legitimate reason for the separate classification of such Claims, and (c) such classification is justified.

---

[1] All capitalized terms used but not defined herein have the meaning given to them in the Plan.

Valdez 12482.DOC

    2. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the Plan properly identifies and describes each Class of Claims and Interests that is not impaired under the Plan in accordance with 11 U.S.C. § 1123(a)(2).

    3. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the Plan properly identifies and describes the treatment of each Class of Claims or Interests that is impaired under the Plan in accordance with 11 U.S.C. § 1123(a)(3).

    4. Whether the Bankruptcy Court erred when it confirmed the Plan and held that Claims in Class 3 under the Plan are unimpaired and deemed to have accepted the Plan pursuant to 11 U.S.C. § 1126(f).

    5. Whether the Bankruptcy Court erred when it confirmed the Plan and held that even after giving effect to the Restructuring Transactions, holders of Asbestos Personal Injury Claims will retain the same legal, equitable and contractual rights as they possessed prior to the Petition Date, and such rights are unaltered by the Plan and the Restructuring Transactions.

    6. Whether the Bankruptcy Court erred when it confirmed the Plan and held that 11 U.S.C. § 1129(a)(7) is inapplicable to Class 3 Asbestos Personal Injury Claims because such Claims are not impaired by the Plain.

    7. Whether the Bankruptcy Court erred when it confirmed the Plan and held that if holders of Class 3 Asbestos Personal Injury Claims were entitled to the protection of 11 U.S.C. § 1129(a)(7), then that section would be satisfied with respect to such holders.

    8. Whether the Bankruptcy Court erred when it confirmed the Plan and held that, with respect to each class of claims or interests, such class has accepted the Plan or such class is not impaired under the Plan pursuant to 11 U.S.C. § 1129(a)(8).

9. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the Plan is feasible, within the meaning of 11 U.S.C. § 1129(a)(11).

10. Whether the Bankruptcy Court erred when it confirmed the Plan and held that (a) the Debtors' projections of the capitalization and financial information of the Reorganized Debtors as of the Effective Date are reasonable and made in good faith, (b) each Reorganized Debtor is deemed solvent as of the Effective Date after giving effect to the Restructuring Transactions, (c) confirmation of the Plan is not likely to be followed by the liquidation or need for further financial reorganization of the Debtors, and (d) the Debtors have demonstrated a reasonable assurance of the Plan's prospects for success.

11. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the Debtors' or Dana's pending asbestos-related cases were under control, and whether the Bankruptcy Court erred by improperly excluding evidence presented by Mr. Valdez on that issue.

12. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the Debtors' or Dana's belief that they face a lower level of liability risk in asbestos litigation than many traditional asbestos defendants is reasonable, and whether the Bankruptcy Court erred by improperly excluding evidence presented by Mr. Valdez on that issue.

13. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the Asbestos Personal Injury Claims classified by the Debtors or Dana as inactive are unlikely to be the subject of litigation or payment unless or until the claimant develops an asbestos-related malignancy.

14. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the Debtors or Dana reasonably believe that, upon their emergence from bankruptcy protection, the

number of Asbestos Personal Injury Claims that they will be required to defend, the percentage of those claims they ultimately pay and the sums they will be required to spend to defend and resolve cases should generally continue to decline or at worst remain at their relatively low 2005 levels for the foreseeable future, and whether the Bankruptcy Court erred by improperly excluding evidence presented by Mr. Valdez on that issue.

15. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the Debtors or Dana reasonably believe that their defense cost for 2008 will not exceed $20,000,000 and should generally continue to decline thereafter, in light of the decrease in the number of claims and trial activity.

16. Whether the Bankruptcy Court erred when it confirmed the Plan and held that, with respect to settlement costs for Asbestos Personal Injury Claims, the Debtors or Dana reasonably believe that such amounts should continue to remain at relatively the low levels experienced in the 2001-2005 time period into the foreseeable future in light of the low number of filings and trial activity and the Debtors' or Dana's substantial tort system defenses, and whether the Bankruptcy Court erred by improperly excluding evidence presented by Mr. Valdez on that issue.

17. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the judgment entered in 2005 against Dana in *Estate of Louis A. Hicks v. Dana Corp. et al.*, Civil Action, Law Trial Division, December Term No. 3509 (Ct. C.P. Philadelphia Cty., Pennsylvania), does not suggest that Dana's strategy has been unsuccessful or will not continue to be successful in the future, and whether the Bankruptcy Court erred by improperly excluding evidence presented by Mr. Valdez on that issue.

18. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the testimony of R. Thomas Radcliffe, Jr. and William R. Hanlon was credible, truthful and reliable, and whether the Bankruptcy Court erred by improperly excluding evidence presented by Mr. Valdez on that issue.

19. Whether the Bankruptcy Court erred when it confirmed the Plan and held that Reorganized Dana's initial capitalization of $195 million is more than sufficient to cover the range of reasonable forecasts of Reorganized Dana's asbestos personal injury liability, and whether the Bankruptcy Court erred by improperly excluding evidence presented by Mr. Valdez on that issue.

20. Whether the Bankruptcy Court erred when it confirmed the Plan, thereby allowing the Debtors to obtain a resolution and treatment of their asbestos personal injury liability consistent with 11 U.S.C. § 524(g) without requiring the Debtors to comply with the requirements of 11 U.S.C. § 524(g).

21. Whether the Bankruptcy Court erred when it confirmed the Plan even though the Plan improperly strips holders of Asbestos Personal Injury Claims of their rights to challenge the Restructuring Transactions as fraudulent transfers under state or federal law.

22. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the Restructuring Transactions had not been entered into fraudulently, nor with the intent to hinder, delay or defraud any entity to which the Debtors or Reorganized Debtors are or may become indebted after the Effective Date.

23. Whether the Bankruptcy Court erred when it confirmed the Plan and held that the Restructuring Transactions with respect to New Dana Holdco and Dana Corporation were transfers for fair value and fair consideration.

- 6 -

24. Whether the Bankruptcy Court erred when it confirmed the Plan and approved the exculpation of the Reorganized Debtors from liability for transactions that impair or impede holders of Class 3 Asbestos Personal Injury Claims.

Dated: January 14, 2008                                Respectfully submitted,

JOSÉ ANGEL VALDEZ

By:    /s/ Joseph D. Frank  
     One of his attorneys

Joseph D. Frank (JF 6085)
Jeremy C. Kleinman (JK 0080)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60610
(312) 276-1400 – telephone
(312) 276-0035 – facsimile
jfrank@fgllp.com; jkleinman@fgllp.com

## CERTIFICATE OF SERVICE

    I, Joseph D. Frank, an attorney, hereby certify that on **January 14, 2008**, a copy of the foregoing **Statement of Issues on Appeal** was served upon all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System. A copy also was served this day upon the parties listed on the attached Service List via electronic mail (if available) or via facsimile.

                                          By:   */s/ Joseph D. Frank*

| **Counsel to the Debtors** | **Noticing Agent** |
|---|---|
| Corrine Ball<br>Veerle Roovers<br>JONES DAY<br>222 East 41st Street<br>New York, New York  10017<br>(212) 326-3939<br>(212) 755-7306 – fax<br>cball@jonesday.com<br>vroovers@jonesday.com | THE BMC GROUP, INC.<br>Attn:  Dana Corporation Noticing<br>P.O. Box 952<br>El Segundo, California  90245-0952<br>(310) 640-8071 – fax<br>dana@bmcgroup.com |
| **Counsel to the Debtors** | **Debtors** |
| Heather Lennox<br>Carl E. Black<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114<br>(216) 586-3939<br>(216) 579-0212 – fax<br>hlennox@jonesday.com<br>ceblack@jonesday.com | Marc S. Levin<br>Deputy General Counsel<br>DANA CORPORATION<br>4500 Dorr Street<br>Toledo, Ohio  43615<br>(419) 535-4500<br>(419) 535-4543 – fax<br>corporate.lawdepartment@dana.com |
| **Office of the United States Trustee** | **Counsel to the Official Committee of Unsecured Creditors** |
| Andrew Velez-Rivera<br>OFFICE OF THE UNITED STATES TRUSTEE,<br>SOUTHERN DISTRICT OF NEW YORK<br>33 Whitehall Street, 21st Street<br>New York, New York  10004<br>(212) 510-0500<br>(212) 668-2255 – fax<br>*email service not accepted* | Thomas Moers Mayer<br>Matthew J. Williams<br>KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, New York  10036<br>(212) 715-9100<br>(212) 715-8000 – fax<br>tmayer@kramerlevin.com<br>mwilliams@kramerlevin.com |
| **Counsel to the Retiree Committee** | **Counsel to the Ad Hoc Committee of Bondholders** |
| Trent P. Cornell<br>Jon D. Cohen<br>STAHL COWEN CROWLEY LLC<br>55 West Monroe Street<br>Chicago, Illinois  60603<br>(312) 641-0060<br>(312) 641-6959 – fax<br>tcornell@stahlcowen.com<br>jcohen@stahlcowen.com | Kristopher M. Hansen<br>Sayan Bhattacharyya<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, New York  10038<br>(212) 848-5400<br>khansen@stroock.com<br>sbhattacharyya@stroock.com |

**Counsel to Centerbridge Partners LP**

Matthew A. Feldman
Paul V. Shalhoub
Morris Massel
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York  10019
(212) 728-8000
(212) 728-8111 – fax
mfeldman@willkie.com
pshalhoub@willkie.com
mmassel@willkie.com

**Counsel to United Automobile, Aerospace and Agricultural Implement Workers of America and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy Allied Industrial and Service Workers International Union**

Babette Ceccotti
COHEN WEISS AND SIMON LLP
330 West 42nd Street, Suite 501
New York, New York  10036
(212) 563-4100
(212) 695-3436 – fax
bceccotti@cwsny.com

**Counsel to Ad Hoc Committee of Asbestos Personal Injury Claimants**

Douglas T. Tabachnik
LAW OFFICES OF DOUGLAS T. TABACHNIK
Woodhull House, Suite C
63 West Main Street
Freehold, New Jersey  07728
(732) 792-2760
(732) 792-2761 – fax
dttlaw@aol.com

**Counsel to United Automobile, Aerospace and Agricultural Implement Workers of America**

Lowell Peterson
MEYER SUOZZI ENGLISH & KLEIN PC
1350 Broadway
Suite 501
New York, New York  10018
(212) 239-4999
(212) 239-1311 – fax
lpeterson@msek.com

**Counsel to Ogre Holdings, Inc. f/k/a Acraline Products, Inc.**

Paul T. Deignan
SOMMER BARNARD ATTORNEYS, PC
One Indiana Square
Suite 3500
Indianapolis, Indiana  46204
(317) 713-3500
(317) 713-3699 – fax
pdeignan@sommerbarnard.com

**Counsel to Ad Hoc Committee of Asbestos Personal Injury Claimants**

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900
(214) 969-4999 – fax
esserman@sbep-law.com

| | |
|---|---|
| **Counsel to Pine Tree Independent School District, Longview Independent School District, County of Harrison and Hallsville Independent School District**<br><br>Michael Reed<br>MCCREARY, VESELKA, BRAGG & ALLEN, P.C.<br>P.O. Box 1269<br>Round Rock, Texas  78680<br>(512) 323-3200<br>(512) 323-3205 – fax<br>sragsdale@mvgalaw.com | **Counsel to Dallas County and Gregg County**<br><br>Elizabeth Weller<br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>2323 Bryan Street<br>Suite 1600<br>Dallas, Texas  75201<br>(469) 221-5075<br>(469) 221-5002 – fax<br>bethw@publicans.com |
| **Counsel to Indiana Department of Environmental Management**<br><br>Steven Carter<br>OFFICE OF THE INDIANA ATTORNEY GENERAL<br>IGCS, Fifth Floor<br>302 West Washington Street<br>Indianapolis, Indiana  46204<br>(317) 234-3089<br>(317) 232-7979 – fax<br>*email service not accepted* | **Counsel to SEIU Pension Plans Master Trust, West Virginia Laborers' Pension Trust Fund and Plumbers and Pipefitters National Pension Fund ("Lead Plaintiffs")**<br><br>Michael S. Etkin<br>LOWENSTEIN SANDLER PC<br>1251 Avenue of the Americas, 18th Floor<br>New York, New York  10020<br>(212) 262-6700<br>(212) 262-7402 – fax<br>metkin@lowenstein.com |
| **Counsel to SEIU Pension Plans Master Trust, West Virginia Laborers' Pension Trust Fund and Plumbers and Pipefitters National Pension Fund ("Lead Plaintiffs")**<br><br>Darren J. Robbins<br>Debra J. Wyman<br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>655 West Broadway, Suite 1900<br>San Diego, California  92101<br>(619) 231-1058<br>(619) 231-7423 – fax<br>dwyman@csgrr.com | **Counsel to the United States of America on behalf of the Internal Revenue Service**<br><br>Michael J. Garcia<br>UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF NEW YORK<br>86 Chambers Street<br>Third Floor<br>New York, New York  10007<br>(212) 637-2745<br>(212) 637-2686 – fax<br>*email service not accepted* |